### CIVIL MINUTES -- GENERAL

Case No.  **CV 18-8186-JFW(Ex)**                                    Date: October 22, 2018

Title:       Cedric Turner, et al. -v- Caliber Home Loans, Inc., et al.

---

**PRESENT:**
              **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    Shannon Reilly                                                  None Present
    Courtroom Deputy                                              Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                                                                  None

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

    On August 23, 2018, Plaintiffs Cedric D. Turner and Rachel L. Thomas-Turner ("Plaintiffs") filed a Complaint in Los Angeles County Superior Court against Caliber Home Loans, Inc. ("Caliber"); U.S. Bank Trust, N.A., as Trustee for the LSF9 Master Participation Trust ("U.S. Bank Trust, N.A."; and Clear Recon Corp. (collectively, "Defendants"). On September 21, 2018, Defendants Caliber and U.S. Bank Trust, N.A. (collectively, the "Removing Defendants") filed a Notice of Removal, alleging that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the parties invoking federal jurisdiction, the Removing Defendants bear the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

    Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In their Notice of Removal, the Removing

Defendants allege that: (1) Plaintiffs are citizens of California; (2) Defendant Caliber is a citizen of Texas and Delaware; (3) Defendant U.S. Bank Trust, N.A. is a citizen of Delaware; and (4) LSF9 Master Participation Trust is a citizen of Ohio. *See* Notice of Removal at ¶¶ 6-10. The Removing Defendants, however, fail to allege the citizenship of Defendant Clear Recon Corp. or allege that Defendant Clear Recon Corp. has been fraudulently joined. According to Plaintiffs' Complaint, Defendant Clear Recon Corp. is "a registered California corporation licensed to do business in the State of California . . . ." Complaint at p. 4. Thus, it appears that Plaintiffs and Defendant Clear Recon Corp. are citizens of California, such that complete diversity does not exist between the parties.

Accordingly, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.